Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN HARDIE and NICOLE HARDIE, husband and wife, and the marital community comprised thereof; and GURDEEP SEMBHI, a single person,<br><br>Defendants. | Cause No. 2:17-cv-00718TSZ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

This matter came before the Court on plaintiff's motion for summary judgment, docket no. 20. Having considered the briefing and evidence submitted by the plaintiff and the defendants having failed to respond, and being fully advised in the premises, this Court now enters the following order.

Plaintiff's motion for summary judgment, docket no. 20, is GRANTED for the following reasons and the Court enters this declaratory judgment:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 1
USDC WD WA/SEA CAUSE NO. 2:17-cv-00718TSZ

1. The claims alleged in the underlying liability lawsuit, <u>Sembhi v. Hardie, et al,</u> King County Superior Court cause no. 16-2-23628-6, arise out of Mr. Sembhi's purchase of real property located at 8010 25th Ave. NW in Seattle from Ryan and Nicole Hardie. The sale closed on May 20, 2015. Mr. Sembhi alleges that the property was listed, advertised and represented as a three-unit triplex and was rented to three separate tenants at the time of his purchase. Eight months after closing, Mr. Sembhi received a City of Seattle Land Use Notice of Violation dated March 16, 2016, alerting him that using the property as a triplex was in violation of the city land use code, which only allows single family residences and duplexes. After receiving this notice, Mr. Sembhi terminated one tenant's lease and paid $2,520 for relocation assistance. Mr. Sembhi alleges damages based on the income differential between a triplex and a duplex, and a loss for the allegedly diminished value of the property as a whole. His liability complaint against the Hardies asserts causes of action for negligent misrepresentation, constructive fraud, intentional misrepresentation, breach of contract and warranty.

2. State Farm issued three policies to the Hardies that are at issue in this lawsuit. These are Apartment Policy no. 98-BJ-H402-4, Homeowners Policy no. 47-E6-3760-2, and Personal Liability Umbrella Policy no. 47-BR-M415-5.

3. State Farm and the Hardies have stipulated that Apartment Policy no. 98-BJ-H402-4 and Homeowners Policy no. 47-E6-3760-2 do not provide coverage for Mr. Sembhi's claims. They have also stipulated that there is no coverage under the January 6, 2015 to January 6, 2016 policy term of Personal Liability Umbrella Policy no. 47-BR-M415-5. ECF 19.

4. The only policy under which the Hardies are now seeking coverage for Mr. Sembhi's claims is Personal Liability Umbrella Policy no. 47-BR-M415-5 in effect for the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT – 2
USDC WD WA/SEA CAUSE NO. 2:17-cv-00718TSZ

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

January 6, 2016 to January 6, 2017 policy term. This policy is likewise inapplicable and it does not provide coverage for Mr. Sembhi's claims for the following reasons:

    a.    The claims alleged by Mr. Sembhi in the liability lawsuit do not allege a "loss" involving "property damage" under the policy's insuring agreement. This policy defines "property damage" as "physical damage to or destruction of tangible property, including loss of use of this property." Mr. Sembhi does not allege that the property he purchased from the Hardies was in any way physically damaged. Rather, Mr. Sembhi alleges only economic losses.

    b.    The claims alleged by Mr. Sembhi in the liability lawsuit do not allege a "loss" involving the commission of the "personal injury" offense of "wrongful eviction." Under *Kitsap County v. Allstate Insurance Co.,* 136 Wn.2d 567, 580, 964 P.2d 1173 (1998), in determining whether a policy's "personal injury" coverage applies, this Court must look to the type of offense alleged. Coverage applies only to the enumerated offenses set forth in the "personal injury" definition, or claims that are analogous or equivalent to those enumerated offenses. *Id.* at 580, 586. Mr. Sembhi's claims against the Hardies are based on theories of negligent misrepresentation, constructive fraud, intentional misrepresentation, and breach of contract and warranty. There are no allegations that the Hardies wrongfully evicted Mr. Sembhi, no allegations that there was a landlord-tenant relationship between the Hardies and Mr. Sembhi, and no allegations that the Hardies were given notice and an opportunity to correct the code violation. Likewise, Mr. Sembhi is not seeking damages against the Hardies because of any "wrongful eviction." Rather, he is seeking damages for loss of rents and for the allegedly diminished value of the property as a whole. These are not the types of damages that would be awarded on a "wrongful eviction" claim.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 3
USDC WD WA/SEA CAUSE NO. 2:17-cv-00718TSZ

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

c. Although this Court has determined that coverage does not apply because Mr. Sembhi's complaint does not allege "loss" as required by the insuring agreement, if "loss" were alleged, there exists an alternative ground supporting the conclusion that the policy does not provide coverage. Exclusion 6 to the policy eliminates coverage for "loss" arising out of any insured's "business property" or "business" pursuits of any insured. The policy defines "business property" to include premises that "is rented to others or held for rental, in whole or in part," and it defines "business" as "a trade, profession or occupation." Mr. Sembhi's claims fall within this exclusion because the property the Hardies sold to Mr. Sembhi meets the definition of "business property." The Hardies did not reside at the property, but instead rented it to others or held it for rental. No facts have been presented indicating that the triplex was anything other than an income-producing rental property. In addition, under the standard established by *Stuart v. American States Ins. Co.*, 134 Wn.2d 814, 822, 953 P.2d 462 (1998), an activity is a "business pursuit" if it is conducted on a regular and continuous basis and is motivated by profit. The Hardies' ownership of the triplex as a rental income property qualifies as a "business pursuit," and the exclusion applies because their alleged liability to Mr. Sembhi arises out of their regular and continuous ownership of the triplex over a period of years for the purpose of producing rental income.

5. State Farm Fire and Casualty Company has no duty to defend Ryan and Nicole Hardie under Apartment Policy no. 98-BJ-H402-4, under Homeowners Policy no. 47-E6-3760-2, or under Personal Liability Umbrella Policy no. 47-BR-M415-5 for the claims alleged by Mr. Hardie in the liability lawsuit.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 4
USDC WD WA/SEA CAUSE NO. 2:17-cv-00718TSZ

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6. State Farm Fire and Casualty Company may withdraw from the defense it is currently providing to defendants Ryan and Nicole Hardie for the claims alleged in the liability lawsuit within 14 days from entry of this order.

7. State Farm Fire and Casualty Company has no duty to indemnify defendants Ryan and Nicole Hardie under Apartment Policy no. 98-BJ-H402-4, under Homeowners Policy no. 47-E6-3760-2, or under Personal Liability Umbrella Policy no. 47-BR-M415-5 in connection with any settlement entered into or judgment entered with respect to the claims alleged in the liability lawsuit.

ORDER ENTERED this 8th day of March, 2018.

_____
Thomas S. Zilly
United States District Judge

Presented by:

SOHA & LANG, P.S.

By: *s/Mary DeYoung*
Mary DeYoung, WSBA # 14332
Email: deyoung@sohalang.com
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Facsimile: 206-624-3585
Attorneys for Plaintiff State Farm Fire and Casualty Company

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 5
USDC WD WA/SEA CAUSE NO. 2:17-cv-00718TSZ

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585